JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Ruben Musheyev ("appellant"), appeals his judgment of conviction of impersonating a police officer. In the early morning hours of June 8, 2003, appellant, not a police officer, turned on his red and blue flashing lights affixed to his vehicle and used hand motions to signal the driver of the vehicle in front of him to pull over. Appellant's purpose in pulling the vehicle over was to inform the driver that her headlights were not on.
 {¶ 2} Although appellant's vehicle was gold and did not resemble a police car, the driver of the vehicle pulled over because she believed that only police officers have the authority to operate blue lights. As appellant approached the vehicle, the two passengers told the driver to roll up her window and to drive away because appellant was not wearing a police uniform. The driver of the vehicle, however, did not leave or roll up her window because she was under the impression that only police officers can make traffic stops.
 {¶ 3} The driver of the vehicle testified that appellant informed her that her headlights were off and that for her safety and the safety of others, she should turn them on. The passengers in the vehicle testified that the headlights were on and heard appellant tell the driver to turn her headlights off. Appellant then got back into his vehicle and drove away.
 {¶ 4} The police, after receiving a call that appellant attempted to pull a car over with flashing blue lights, called appellant and asked if he would go to the police station for questioning. Though appellant told the police that he would go to the police station the following night, he did not. A few days later, the police located appellant's vehicle in the garage of his apartment building and noticed that appellant's vehicle had a set of blue and amber lights attached to a long, unplugged cord behind the front seat. When the police questioned appellant, appellant stated that he wanted to pull the driver of the vehicle over to inform her about her headlights. However, appellant claimed that he accidentally bumped his lights on to signal her to stop. Thereafter, the police advised appellant that it was illegal for him to use his lights on a public street and that he should remove the lights from his vehicle.
 {¶ 5} At a bench trial, appellant was found guilty of impersonating a police officer, in violation of R.C. 2921.51(C). Appellant now appeals.
 {¶ 6} For his first assignment of error, appellant contends that the municipal court erred by failing to advise him of his right to a jury trial. However, appellant's contention is without merit.
 {¶ 7} R.C. 1901.24(B) provides that "[t]he right of a person to a jury trial in a municipal court is waived under the circumstances prescribed in the Rules of Civil Procedure or the Rules of Criminal Procedure." Crim.R. 23(A) provides the time limitation for filing a demand for a jury trial in all petty offense cases, requiring that "[s]uch demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later." A petty offense is a misdemeanor offense for which the maximum sentence is six months and/or a $1,000 fine. Beachwood v.Ohorilko (Nov. 10, 1983), Cuyahoga App. No. 46617.
 {¶ 8} In cases involving misdemeanors, "a statute providing that, before an accused shall be entitled to a jury trial, he must demand the same, is not violative of the constitutional right of trial by jury." Id., quoting Hoffman v. State (1918),98 Ohio St. 137, 120 N.E. 234. A "statute or authorized rule of court to the effect that a defendant shall not be entitled to a jury trial unless he makes demand therefor in writing within a specified time before trial is valid" because such statute and rule "merely regulate the method of making the demand" SeeBeachwood.
 {¶ 9} Here, appellant was charged with impersonating a police officer in violation of R.C. 2921.51(C), a misdemeanor of the first degree. Because appellant faced a possible six month prison term and/or a $1,000 fine for his petty offense, he was required under Crim.R. 23(A) to file a demand for a jury trial within 10 days of trial or within three days of receipt of notice of trial, whichever was later. Appellant did not file a demand for a jury trial. Contrary to appellant's belief, he was not entitled to a jury trial in the municipal court. Appellant was entitled to a jury trial only if he had failed a timely jury demand
 {¶ 10} Moreover, almost two months prior to trial, appellant signed a Statement of Rights, which gave him notice of the procedure and time limits within which he was required to file a jury demand The Statement of Rights was filed with the clerk of the municipal court well in advance of trial. Yet, despite having notice of the time limits in which a jury demand had to be filed, appellant failed to file such jury demand Because Crim.R. 23(A) provides that "[f]ailure to demand a jury trial [within the time limitations] is a complete waiver of the right thereto," appellant's first assignment of error is overruled.
 {¶ 11} For his second assignment of error, appellant contends that the municipal court failed to advise him of his right to counsel. In particular, appellant argues that his waiver of his right to counsel was not made knowingly, intelligently, or voluntarily. However, upon review of the record, appellant's argument lacks merit.
 {¶ 12} The Sixth and Fourteenth Amendments to the United States Constitution guarantee a state criminal defendant the constitutional right of self-representation when the defendant voluntarily, knowingly, and intelligently so elects. State v.Taylor, 98 Ohio St.3d 27, 2002-Ohio-7017, ¶ 45, 781 N.E.2d 72, quoting State v. Gibson (1976), 45 Ohio St.2d 366,345 N.E.2d 399, paragraph one of the syllabus. To establish an effective waiver of counsel, the trial court must determine whether the defendant fully understands and intelligently relinquishes his right to counsel. Gibson, paragraph two of the syllabus.
 {¶ 13} In determining the sufficiency of the trial court's inquiry in the context of the defendant's waiver of counsel, theGibson court applied the test set forth in Von Moltke v.Gillies (1948), 332 U.S. 708, 723, 92 L.Ed. 309, 68 S.Ct. 316, as follows:
 {¶ 14} "* * * To be valid such waiver must be made with an apprehension of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." See, also, State v. Buchanan, Cuyahoga App. No. 80098, 2003-Ohio-6851, ¶ 16-18.
 {¶ 15} Here, the municipal court informed appellant that he was charged with impersonating a police officer, a first degree misdemeanor, and that appellant faced up to six months in jail and a fine up to $1,000. The municipal court then asked appellant if he understood the charge and his possible sentence, to which appellant answered in the affirmative. The municipal court informed appellant that he has the right to have counsel appointed for him if he is indigent, asked appellant if he understood that right, and appellant answered that he did. Further, the municipal court informed appellant that he has the right to an attorney, the right to subpoena witnesses, and the right to cross-examine witnesses. When the municipal court asked appellant if he understood those rights, appellant stated that he did. After the inquiry, appellant stated that he wished to waive his right to counsel and proceed with trial. Appellant then signed an acknowledgment form with respect to his waiver of the right to counsel.
 {¶ 16} The record before us portrays a sufficient inquiry into appellant's waiver of his right to counsel. Appellant knowingly, intelligently, and voluntarily waived his right to counsel after being advised of and understanding his rights. Thus, appellant's second assignment of error is overruled.
 {¶ 17} Finally, appellant's third assignment of error asserts that his conviction was against the manifest weight of the evidence. Appellant argues that because the driver of the vehicle testified that appellant was not wearing a police uniform and not driving in a police car, he could not have been found guilty of impersonating a police officer. However, upon review of the record, appellant's third assignment of error is without merit.
 {¶ 18} R.C. 2921.51(C) provides as follows:
 {¶ 19} "No person, by impersonating a peace officer or a private police officer, shall arrest or detain any person, search any person, or search the property of any person."
 {¶ 20} Impersonate, as used in R.C. 2921.51, is defined as follows: "(3) `Impersonate' means to act the part of, assume the identity of, wear the uniform or any part of the uniform of, or display the identification of a particular person or of a member of a class of persons with purpose to make another person believe that the actor is that particular person or is a member of that class of persons."
 {¶ 21} Appellant maintains that his conviction cannot stand because he could not have acted the part of a police officer or made anyone believe he was a police officer if the driver of the vehicle was skeptical that appellant was a true police officer. Although the driver of the vehicle testified that appellant's car did not look like a police car and that appellant was not wearing a uniform, she pulled over when appellant flashed his blue and red lights because she believed that only police could operate their flashing lights and make traffic stops. Appellant" acted the part of" a police officer by flashing his blue and red lights and motioning for the driver of the vehicle to pull over — all without the proper authority to do so. It cannot be said, based on the record before this court, that the municipal court clearly lost its way in finding appellant guilty of impersonating a police officer. Appellant's third assignment of error is overruled and the judgment of the municipal court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the South Euclid Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, J., and Sweeney, J., Concur.