OPINION
{¶ 1} Defendant-appellant Gerald A. Kemper appeals from his conviction and sentence for Felonious Assault, Having Weapons Under a Disability and Carrying a Concealed Weapon. He contends that the trial court should have dismissed the charges against him, because the State violated his right to a speedy trial. He further contends that the trial court erred by permitting the introduction of a videotaped interview in which the investigating officer informed Kemper that several individuals had named him as the offender. He also argues that his trial counsel was ineffective for having failed to object to the introduction of the videotape. Finally, Kemper contends that his conviction should be reversed because it is not supported by the evidence and because the State acted improperly during trial.
 {¶ 2} We conclude that the trial court did not err in denying the motion to dismiss on speedy trial grounds. We further conclude that the introduction of highly prejudicial hearsay in the videotaped interview was error, and counsel's failure to object to its admission constituted ineffective assistance of counsel. Thus, we conclude that the conviction must be reversed. We decline to address the issues of the weight of the evidence and prosecutorial misconduct, since those matters have been rendered moot by our reversal of the conviction.
 {¶ 3} The judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance with this opinion.
 I {¶ 4} Kemper was arrested on May 21, 2001, on charges of Felonious Assault and Receiving Stolen Property stemming from a shooting incident. Counsel was appointed and trial was set for August 29. On August 6, Kemper was indicted on one count of Carrying a Concealed Weapon ("CCW") and one count of having Weapons Under a Disability. The CCW and Weapons Under a Disability charges stemmed from the May 21 charges.
 {¶ 5} Defense counsel filed a motion to withdraw as counsel for Kemper in August. New counsel was appointed and the trial was re-set for October 10. However, on October 10, substitute counsel appeared to inform the trial court that appointed counsel would not be able to try the case, or remain as counsel, due to a medical emergency. The matter was continued until November 1, 2001, at which time appointed counsel appeared before the court on her motion to withdraw as counsel. Kemper did not appear, and the trial court issued a warrant for his arrest. The trial court also permitted counsel to withdraw.
 {¶ 6} Kemper was arrested on April 22, 2002, and new counsel was appointed on May 1. On May 13, 2002, the trial court entered an order setting trial for June 13. On June 11, Kemper filed a motion to dismiss, contending that his right to a speedy trial had been violated. The motion was overruled.
 {¶ 7} The case proceeded to its first trial, which resulted in a hung jury. The case was re-tried in October, 2002, at which time the jury convicted Kemper on all counts except for Receiving Stolen Property.[1]
 {¶ 8} From his conviction and sentence, Kemper appeals.
 II {¶ 9} Kemper's First Assignment of Error is as follows:
 {¶ 10} "Appellant should be discharged because the trial court erred by failing to discharge appellant for a violation of his right to a speedy trial pursuant to R.C. § 2945.71-73."
 {¶ 11} In his first assignment of error, Kemper avers that he was denied his right to a speedy trial because his trial was held outside the time limit prescribed by R.C. 2945.71, et seq.
 {¶ 12} Courts must strictly enforce the statutory speedy trial provisions. State v. Pachay (1980), 64 Ohio St.2d 218, syllabus. The statutes governing speedy trial are found in R.C. Chapter 2945. The amount of time allocated for a speedy trial is found in R.C. 2945.71, which states in pertinent part:
 {¶ 13} "(C) A person against whom a charge of felony is pending:
 {¶ 14} "* * *
 {¶ 15} "(2) Shall be brought to trial within two hundred seventy days after the person's arrest.
 {¶ 16} "* * *
 {¶ 17} "(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * *"
 {¶ 18} A defendant must be brought to trial within the time limit set by statute unless the time is tolled by one of the exceptions listed in R.C. 2945.72, which states in pertinent part:
 {¶ 19} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
 {¶ 20} "* * *
 {¶ 21} "(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
 {¶ 22} "* * *
 {¶ 23} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 {¶ 24} "* * *
 {¶ 25} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion; * * *"
 {¶ 26} The record indicates that Kemper was arrested on May 15, 2001, and, accordingly, the statutory speedy trial time began to run on May 16, 2001. See State v. Steiner,71 Ohio App.3d 249, 250-251. Kemper remained in jail until August 2, 2001. While in jail, specifically on June 25, Kemper made a discovery request, which was satisfied by the State on July 18. The speedy trial time was tolled during this time, while Kemper's discovery request was pending. State v. Brown, 98 Ohio St.3d 121,2002-Ohio-7040, ¶ 26. Kemper was released, and remained out of jail until he was re-arrested on August 15 for the CCW and Weapons Under a Disability charges, which stemmed from the same incident for which he was originally arrested. Kemper was released from jail the next day. His attorney filed a motion to withdraw as counsel on August 27, resulting in a tolling of the speedy trial time. State v. Ward, Richland App. No. 03 CA 60, 2004-Ohio-2323, ¶ 19.
 {¶ 27} The trial was rescheduled for October 10, 2001. On that date, counsel for Kemper appeared and informed the court that she was forced to withdraw from the case due to a medical emergency, again tolling the speedy trial time. Counsel filed her motion in support on October 19. A notice was filed on October 22 setting the motion to withdraw for hearing on November 1. The notice did not certify that it was served upon the parties, but it did set forth the names and addresses of counsel. Kemper did not appear at the hearing. Kemper's counsel informed the court that she had mailed him a copy of the notice.[2]
Thereafter, on November 6, 2001, the trial court entered an order for a warrant to arrest Kemper for failure to appear.
 {¶ 28} No further action was taken until Kemper was arrested on April 22, 2002. New counsel was appointed on May 1, 2002, and trial was set for June 13. On June 5, 2002, the State moved for a continuance. Thereafter, on June 11, Kemper filed his motion to dismiss on speedy trial grounds.
 {¶ 29} Based upon our calculations including three-for-one jail days and discounting the time tolled due to Kemper's discovery request, only one hundred and ninety-five days passed from the time the speedy trial time began to run until the first motion to withdraw was filed. The time was tolled until new counsel could be appointed and a new trial set. Thus, the speedy trial time was tolled until October 10, 2001. On that date, new defense counsel was not able to appear, due to a medical condition. Furthermore, Kemper failed to appear on the hearing date scheduled for counsel's motion to withdraw, thereby necessitating the issuance of a warrant. Therefore, the speedy time continued to be tolled until after Kemper was arrested, new counsel was appointed and a trial could be reasonably scheduled. There is nothing in this record to lead us to conclude that the trial court did not act in a reasonable and timely manner with regard to appointing counsel and setting a new trial date following Kemper's 2002 arrest. Kemper's motion to dismiss was filed during this tolling of his speedy trial time, before a new trial date was scheduled. We conclude that as of the date that Kemper filed his motion to dismiss, the allotted time for trial, including three-for-one days in jail and time tolled for reasons satisfying the statute, had not been exceeded.
 {¶ 30} Kemper's First Assignment of Error is overruled.
 III {¶ 31} Kemper's Second Assignment of Error is as follows:
 {¶ 32} "The verdict against appellant should be reversed due to evidentiary error, which errors also violated his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution."
 {¶ 33} Kemper contends that his rights were violated when the State played a videotape of his interview by the police following his initial arrest. The videotaped interview contains a statement by the interrogating police officer that he had interviewed several other individuals, all of whom had identified Kemper as the shooter. Kemper objects to this evidence as inadmissible hearsay. Kemper's trial counsel did not object to the admission of the videotape. The State argues that the statement in the taped interview is not hearsay, because it was not offered for the truth of the matter asserted. The State also argues that the introduction of the videotape does not rise to the level of plain error, because the evidence against Kemper is overwhelming.
 {¶ 34} Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). An out-of-court statement is improper hearsay if it is offered for the truth of the matter asserted. State v.Parker, Montgomery App. No. 18926, 2002-Ohio-3920, ¶ 50. From our review of the record, we cannot agree with the State's assertion that the statement was not offered for the truth of the matter asserted; i.e., that Kemper was the perpetrator. Indeed, the State referred to the statement in its closing argument as proof of Kemper's guilt. We conclude that the statement is inadmissible hearsay, and highly prejudicial hearsay, since it has the police asserting that a number of unnamed individuals had identified Kemper as the perpetrator.
 {¶ 35} "As a final matter, we note that the United States Supreme Court recently held that, in a criminal case, the indicia of reliability standards which underlie the exceptions to the rule against hearsay are insufficient to protect the specific rights which the Confrontation Clause confers, which can be satisfied only by cross-examination of the declarant, either at trial or in a prior proceeding in which the declaration was made wherein the declarant testified under oath. The court further held, however, that `when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior (hearsay) statements. The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it.'" Statev. Marbury, Montgomery App. No. 19226, 2004-Ohio-1817, ¶ 38 (internal citations omitted.)
 {¶ 36} Kemper's trial counsel failed to object to the introduction of the videotape and the statement included therein, thereby waiving all but plain error. State v. Ballew,76 Ohio St.3d 244, 251, 1996-Ohio-81, Counsel's failure to object "`constitutes a waiver of any claim of error relative thereto, unless, but for the error, the outcome of the trial clearly would have been otherwise.'" Id., citations omitted.
 {¶ 37} Because this was a close case, as evidenced by the initial trial ending in a hung jury, and in view of the egregious nature of the hearsay that was admitted against Kemper, it is a nice question whether its admission rises to the level of plain error. We need not decide this question, because, in our view, the failure of Kemper's trial counsel to have objected to this evidence rises to the level of ineffective assistance of trial counsel, necessitating reversal of Kemper's conviction. See Part IV, below.
 {¶ 38} Kemper's Second Assignment of Error is overruled, as moot.
 IV {¶ 39} Kemper's Third Assignment of Error is as follows:
 {¶ 40} "The verdict against appellant should be reversed because he received ineffective assistance of counsel in violation of his rights under the Fifth and Sixth Amendments to the United States Constitution."
 {¶ 41} In this assignment of error, Kemper contends that he was denied the effective assistance of counsel. Specifically, he contends that counsel was ineffective for failing to seek the suppression of the videotaped interview, and of the testimony of Doris Portis.
 {¶ 42} To establish ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that prejudice occurred due to the deficiency.Strickland v. Washington (1984), 466 U.S. 668. "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." State v. Bradley (1989),42 Ohio St.3d 136, at paragraph two of the syllabus. Further, "[t]o show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus.
 {¶ 43} The first alleged deficiency is counsel's failure to attempt to suppress the testimony of State's witness, Doris Portis. Ms. Portis testified that she had observed the shooting and she identified Kemper as the shooter. It appears that Kemper's argument centers on the claim that Portis's identification of him as the shooter is suspect because she was not presented with a photographic identification array until several months after the incident and because she testified that she thought she recognized him as a former inmate at a prison when, in fact, she had not seen him in prison.
 {¶ 44} With regard to the issue of the identification made from the photographic array, we note that in order to justify suppressing the pretrial identification, Kemper must demonstrate: (1) that the identification procedure used was so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification; and (2) that the identification in fact was unreliable under the totality of the circumstances. State v.Gooden, Montgomery App. No. 19231, 2003-Ohio-905, ¶ 14, citation omitted. In other words, even if an identification procedure is overly suggestive, the identification remains admissible if sufficient evidence of reliability exists. A determination of reliability is unnecessary, however, where an identification procedure is not unduly suggestive. State v. Glass (March 9, 2001), Greene App. No. 2000 CA 74.
 {¶ 45} In this case, while the photographic array did contain a picture of Portis's nephew, there is nothing to suggest, and in fact Kemper does not contend, that the array was unduly suggestive. Furthermore, in her trial testimony, Portis positively identified Kemper as the offender.
 {¶ 46} As to Portis's testimony that she erroneously thought she had previously seen Kemper in a prison, we note that this is a credibility issue for the jury to consider and not an issue for suppression. Thus, we cannot say that counsel was ineffective for failing to suppress the testimony by Portis, because there was no basis for doing so.
 {¶ 47} With regard to the failure of counsel to seek suppression of the videotaped police interview of Kemper, although it is a nice question whether the outcome of the trial would clearly have been otherwise had the inadmissible hearsay not been admitted, we conclude that there is a reasonable probability that the result of the trial would have been different. We conclude that Kemper's trial counsel was ineffective in having failed to object to the admission of the videotaped statement of the police officer asserting that several unnamed persons had identified Kemper as the perpetrator. Kemper's Third Assignment of Error is sustained.
 VI {¶ 48} Kemper's Fourth and Fifth Assignments of Error are as follows:
 {¶ 49} "The verdict should be reversed due to prosecutorial misconduct.
 {¶ 50} "The jury verdict should be reversed because it is against the manifest weight of the evidence."
 {¶ 51} Kemper contends that his conviction must be reversed because his conviction is against the manifest weight of the evidence, and because the State acted improperly during trial. We conclude that these arguments have been rendered moot by our disposition of his Third Assignment of Error.
 {¶ 52} Kemper's Fourth and Fifth Assignments of Error are overruled as moot.
 VII {¶ 53} Kemper's First Assignment of Error having been overruled, his Third Assignment of Error having been sustained, and his Second, Fourth and Fifth Assignments of error having been overruled as moot, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.
Brogan and Young, JJ., concur.
[1] This charge had been withdrawn prior to trial.
[2] Counsel did not indicate that she informed Kemper that he needed to appear at the hearing. Additionally, there is no evidence in the record before us that Kemper was made aware of his need to appear.