JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Jonas Allen appeals from a judgment of conviction finding him guilty of menacing. He complains that (1) the court denied him a jury trial, (2) counsel was ineffective for failing to seek dismissal on speedy trial grounds, (3) the court denied him the right to self-representation, and (4) the judgment of conviction was against the manifest weight of the evidence. We find no error and affirm.
 {¶ 2} The city's evidence showed that Allen and the victim had been romantically involved and had a child together. Even though the relationship ended, the victim testified that Allen had in the recent past committed acts of verbal and physical abuse against her. At the time of the incident, they were contesting legal issues relating to the custody of the child.
 {¶ 3} The victim testified that she had been driving to the Legal Aid Society when she saw Allen's truck following her. Allen pulled next to her car at a red light and said, "[w]here is my son?" When the victim ignored him, he said, "I hate you. You're a Dumb Bitch. You're a Dead Bitch. I can't stand you. I want you dead." She proceeded to park her car near the entrance to the Legal Aid Society and approached a nearby traffic officer. The traffic officer heard the victim's account of what had transpired and told her to run inside the building while he watched her. Legal Aid employees noticed that the victim appeared frightened and was shaking when she entered the office. She was telling one of *Page 2 
the secretaries that she had some paperwork to drop off when Allen entered the office. Upon seeing Allen, the victim stated that it "felt like it was over for me." When she asked the receptionist to call security, legal employees escorted her from the reception area into a hallway, out of sight from the reception area. A Legal Aid attorney who heard a commotion went into the reception area and introduced himself to Allen. The attorney said that Allen could not see the victim because she had been taken to another area of the offices. In conversation with the attorney, Allen gave several answers that suggested to the attorney that Allen was stalling in order to see the victim. Allen ultimately left the building without seeing the victim.
 {¶ 4} Allen testified and denied committing the previous acts of abuse described by the victim. He said that they were involved in a custody dispute over the child and the victim had prevented him from seeing his child. On the day of the incident, Allen said he had been in downtown Cleveland to drop off some legal paperwork. He said that he was speaking on his cell phone with a friend when he happened to see the victim's car. Knowing that it was his child's birthday, he pulled next to the victim's car in the hope that the child would be present and he might say hello. The victim merely rolled her eyes and continued driving. He watched her park her car and decided to follow her. By his own admission, he followed her for "several blocks" before entering the Legal Aid *Page 3 
offices, all with the intention of asking her why she would not let him see his child. He also admitted stalling for time with the Legal Aid attorney so that he could speak with the victim.
 {¶ 5} A friend of Allen's testified that she was meeting him for lunch on the day of the incident and was speaking with him on his cellular phone to determine where they would meet. During the course of an 11-minute conversation, she heard him narrate the sequence of events in which he saw the victim's car and attempted to determine if his child was in the victim's car. The friend testified that at no point in this conversation did she hear Allen make any threats to the victim. She continued to speak with Allen up until he entered Legal Aid, at which point he was directed to terminate all cell phone use.
 I {¶ 6} The first assignment of error is that the court violated Allen's right to trial by jury by failing to execute a written jury waiver as required by R.C. 2945.05. We overrule this assignment of error because Allen did not file a written demand for a jury with the clerk of court as required by Crim. R. 23(A). See South Euclid v. Musheyev, Cuyahoga App. No. 83408, 2004-Ohio-3118, ¶ 10; State v. Straka, Paulding App. No. 11-06-01, 2006-Ohio-2786. Moreover, he made no objection on the record to the absence of a jury when trial did commence. We find that Allen's failure to file a jury demand and his failure to *Page 4 
object on the record constituted a "complete waiver of the right thereto." See Crim. R. 23(A).
 II {¶ 7} Allen next argues that his trial counsel was ineffective because he failed to file a motion to dismiss the complaint on grounds that the speedy trial time had elapsed prior to commencement of trial.
 {¶ 8} In order to successfully assert ineffective assistance of counsel, a defendant must show not only that the attorney made errors so serious that he was not functioning as "counsel," as guaranteed by theSixth Amendment, but also that the deficient performance was so serious as to deprive him of a fair and reliable trial. Strickland v.Washington (1984), 466 U.S. 668, 687. This requires a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client and a determination as to whether the defense was prejudiced by counsel's ineffectiveness.State v. Bradley (1989), 42 Ohio St.3d 136, 141-142.
 {¶ 9} Allen was originally charged with aggravated menacing, a misdemeanor of the first degree. See R.C. 2903.21(B). R.C. 2945.71(B)(2) provides that a person against whom a misdemeanor charge is pending shall be brought to trial "[w]ithin ninety days after his arrest or the service of summons[.]" In State v. Azbell, 112 Ohio St.3d 300,2006-Ohio-6552, the syllabus *Page 5 
states: "For purposes of calculating speedy-trial time pursuant to R.C. 2945.71(C), a charge is not pending until the accused has been formally charged by a criminal complaint or indictment, is held pending the filing of charges, or is released on bail or recognizance."
 {¶ 10} The city filed a complaint against Allen on February 5, 2007. Trial did not commence until August 20, 2007, well-beyond the 90-day speedy trial period.
 {¶ 11} Because Allen has established a prima facie case to show a violation of his speedy trial rights, we next look to see whether his time for a speedy trial may be extended, as provided in R.C. 2945.72(E), by "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." Additionally, the speedy trial time may be extended by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." See R.C. 2945.72(H).
 {¶ 12} Although the city issued the complaint on February 5, 2007, there is no indication that Allen received service of summons, so the first day chargeable to the city was March 12, 2007, the day of his initial appearance before the court.[1] He then filed a motion for discovery on March 15, 2007. A motion for *Page 6 
discovery tolls the speedy trial time, State v. Brown,98 Ohio St.3d 121, 2002-Ohio-7040, syllabus. At the same time, he filed a motion to continue a pretrial scheduled on March 28, 2007, because of his counsel's unavailability. The court rescheduled the pretrial for April 4, 2007. This constituted a delay occasioned by Allen. See R.C. 2945.72(H).
 {¶ 13} The court's journal shows that an April 4, 2007 pretrial was continued at the request of both parties until May 2, 2007. During this period, the city responded to Allen's discovery request and submitted a bill of particulars. On May 2, 2007, the court issued a temporary protection order against Allen and scheduled trial for May 21, 2007. On May 21, 2007, the court continued trial until June 25, 2007. The record does not indicate the reasons for the continuance, so that period is charged to the state. See State v. Mincy (1982), 2 Ohio St.3d 6, syllabus ("When sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the *Page 7 
reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial.").
 {¶ 14} On June 4, 2007, Allen's attorney filed a motion seeking to withdraw as counsel. On that same day, Allen submitted a written objection to counsel's request to withdraw. These motions tolled the speedy trial time. See State v. Kemper, Clark App. Nos. 2002-CA-101 and 2002-CA-102, 2004-Ohio-6055, ¶ 26. The court granted counsel's motion to withdraw on June 21, 2007.
 {¶ 15} When the parties again convened for trial on June 25, 2007, the court asked who represented Allen. Allen thought his original attorney was still on the case until the court told him that it had granted counsel's motion to withdraw. Allen then said that he would represent himself. The court told Allen that self-representation was not "a wise thing to do" and suggested that he retain competent counsel. Allen again insisted that he was prepared to act as his own attorney, but suggested that if the city were to stipulate "to discovery" they could proceed with trial. The city showed some reluctance to do so, and Allen told the court that if the city refused to stipulate, he would not proceed. After conferring off the record, the city told the court that it believed there were authenticity problems with Allen's evidence and that it would not stipulate. The court then set a trial date of August 20, 2007, and asked Allen, "[a]re you planning to get counsel for that?" Allen replied, "[a]bsolutely. I mean — *Page 8 
absolutely." This delay caused by Allen's need to retain counsel tolled the speedy trial time. See R.C. 2945.72(C) ("Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law[.]").
 {¶ 16} Allen retained new counsel who filed a notice of appearance on August 17, 2007. Trial commenced on August 20, 2007.
 {¶ 17} Factoring in all of the continuances and delays that were chargeable to Allen, we find, consistent with the state's argument, that only 67 days of the 90-day speedy trial period elapsed. In reaching this conclusion, we reject Allen's contention that he should not be charged with a delay occasioned by his need to obtain counsel. His protestations that he was prepared to go to trial without counsel were contingent upon the city agreeing to stipulate to the authenticity of his evidence. When the city refused to make any stipulation, Allen clearly told the court that he planned to obtain counsel. Indeed, he later did obtain new counsel, thus verifying the intent he expressed to the court. Under these circumstances, we cannot find that the period of time Allen required to obtain new counsel should not have been charged against him.
 {¶ 18} In the absence of any violation of Allen's speedy trial rights, counsel had no duty to file a motion to dismiss. The motion would have been meritless, *Page 9 
and counsel has no duty to file futile motions. See State v. Martin
(1983), 20 Ohio App.3d 172, 174. We find that counsel did not perform ineffectively.
 III {¶ 19} Allen's next argument is interrelated with that raised in the second assignment of error and complains that the court erred by denying him the right to self-representation as guaranteed by theSixth Amendment to the United States Constitution. See Faretta v.California (1975), 422 U.S. 806. As we noted in the discussion in the preceding assignment of error, Allen abandoned his desire for self-representation after the city refused to stipulate to his evidence. By telling the court that he "absolutely" planned to retain counsel, Allen effectively refuted any pretense of self-representation. We find no colorable basis for his claim that he was denied his right of self-representation.
 IV {¶ 20} Finally, Allen argues that the court's judgment of conviction for menacing is against the manifest weight of the evidence because the court failed to consider the victim's lack of credibility and also failed to credit the credibility of Allen's witness, who allegedly overheard the entire incident while speaking with Allen on his cellular phone.
 {¶ 21} When reviewing a claim that a verdict is against the manifest weight of the evidence, we weigh all the reasonable inferences, consider the credibility of *Page 10 
witnesses and, in considering conflicts in the evidence, determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Thompkins (1997), 78 Ohio St.3d 380, 387,1997-Ohio-52. In doing so, we remain mindful that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. This gives the trier of fact the authority to "believe or disbelieve any witness or accept part of what a witness says and reject the rest." State v. Antill (1964), 176 Ohio St. 61, 67. *Page 11 
 {¶ 22} Cleveland Codified Ordinance No. 621.07(a) states: "No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of such other person or member of his immediate family." The court obviously credited the victim's testimony that Allen stated, "I hate you. You're a Dumb Bitch. You're a Dead Bitch. I can't stand you. I want you dead." This threat, coupled with evidence of past abuse and an ongoing child custody dispute, gave context to the victim's fears. The court could have considered those fears justified because Allen admitted that he followed the victim for several blocks and then into the Legal Aid offices. Her fear was so palpable that employees of Legal Aid debated whether they should call the police in light of Allen's presence in the office. Those employees characterized the victim as appearing shaken and frightened, and moved her to a part of the office that could not be seen from the reception area. This evidence was persuasive because it was consistent and compelling. We find that the court did not lose its way by concluding that Allen acted in a way that caused the victim to believe that he would cause physical harm to her.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's *Page 12 
conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and PATRICIA ANN BLACKMON, J., CONCUR
[1] In any case involving misdemeanor offenses, the speedy trial time does not begin to run until charges are pending against the accused and there is an arrest or service of summons. See R.C. 2945.71(B)(2). Although the court registered a warrant for Allen's arrest, there is no indication in the record that he was arrested, or that he received service of the complaint. *Page 1