OPINION
{¶ 1} Richard Hopkins entered a plea of no contest to petty theft, a first degree misdemeanor [but petty offense per Crim R. 2(D)]. Hopkins was found guilty and sentenced to 180 days incarceration, with one day suspended. (From the sentencing proceeding, it appears that the trial court was agreeable to reconsidering the sentence upon receiving a medical report describing Hopkins' medical problems and proposing a treatment plan.)
 {¶ 2} On appeal, Hopkins advances two assignments of error.
 {¶ 3} "The trial court erred in failing to inform appellant of the effect of his plea in violation of Crim. R. 11. "
 {¶ 4} The parties appear to agree that this assignment is governed by Crim. R. 11(E):
 {¶ 5} "In misdemeanor cases involving petty offenses, the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."
 {¶ 6} Hopkins contends under this assignment that the trial court failed to comply with Crim. R. 11(E) because it did not inform him of the effect of a guilty plea or a not guilty plea.
 {¶ 7} The State does not address this contention but rather argues that the trial court adequately explained the effect of a no contest plea, a contention that we do not understand Hopkins to dispute.
 {¶ 8} While a literal reading of Crim. R. 11(E) supports Hopkins' argument, we find no reversible error in the trial court's failure to advise Hopkins of the effect of a not guilty or guilty plea.
 {¶ 9} Hopkins asserts that had the trial court advised him of the effect of a not guilty plea, the court would necessarily have had to inform him of the rights described in Crim. R. 11(C)(2)(c) which he would give up by pleading no contest, thus making the colloquy more informative and meaningful.
 {¶ 10} We believe that this interpretation of Crim. R. 11(E) has been definitively rejected by the supreme court in State v. Watkins,99 Ohio St.3d 12, 16-17, 2003-Ohio-2419:
 {¶ 11} "If Crim. R. 11(C)(2)(c) were merely defining what it means to instruct a defendant as to the effect of his plea, similar language would have been included in Crim. R. 11(D) and (E). That language is missing in the rules because those protections are not required for misdemeanor defendants."
 {¶ 12} Secondly, despite the conjunctive language of Crim. R. 11(E), the supreme court in Watkins stated that "the judge must inform the defendant of the effect of his plea." (Emphasis ours.) P. 16. The court did not say the rule required an explanation of the effect of all three possible pleas, although admittedly this question was probably not before the court.
 {¶ 13} The first assignment is overruled.
 {¶ 14} "The trial court erred by accepting a no contest plea from appellant that was not voluntary, and in violation of Crim. R. 11."
 {¶ 15} Hopkins complains under this assignment that the trial court failed to determine that he understood the nature of the offense to which he pleaded no contest, and that the record demonstrates that the plea was involuntary.
 {¶ 16} It should be noted that unlike Crim. R. 11(C)(2)(a), Crim. R. 11(E) does not require the trial court to personally address the defendant and determine that he understands the nature of the charge, and that unlike Crim. R. 11(C)(2)(a) and Crim. R. 11(D), Crim. R. 11(E) does not require the trial court to personally address the defendant and determine that he is making his plea voluntarily.
 {¶ 17} That said, the following dialogue occurred among the trial court, Hopkins, and his counsel:
 {¶ 18} "* * *Theft is a first degree misdemeanor. It does carry up to six months in jail, up to a $1,000 fine. And how is Mr. Hopkins going to plead to that charge today?
 {¶ 19} "MR. MORSE: No contest, your Honor.
 {¶ 20} "THE COURT: Are you — no contest means you're not admitting you're guilty, but you're also not contesting the facts contained in the Complaint and Affidavit. And, based on those facts, the Court would probably find you guilty. Do you understand that? You have to answer out loud.
 {¶ 21} "THE DEFENDANT: Yes.
 {¶ 22} "THE COURT: All right. And you're voluntarily pleading no contest?
 {¶ 23} "THE DEFENDANT: Yes, your Honor.
 {¶ 24} "THE COURT: I accept your no contest plea.
 {¶ 25} "* * *
 {¶ 26} "Based on the facts contained in the Complaint and Affidavit, I do make a finding of guilty." (Tr. of Proceedings, March 15, 2002, at p. 10-11.)
 {¶ 27} On his own behalf, Hopkins then complained of numerous physical problems and manic depression, and claimed he was not stealing the $300 DVD he was charged with stealing, but only exited one of two sets of double doors to access an ATM. (One of the incident reports before the trial court stated Hopkins' credit card had been "put into collections.")
 {¶ 28} Despite Hopkins' protest of innocence and his apparently poor state of health, this record does not preclude a reasonable determination that Hopkins' plea of no contest was nevertheless voluntary.
 {¶ 29} The second assignment is overruled.
 {¶ 30} The judgment will be affirmed.
Fain, P.J., and Brogan, J., concur.