OPINION
{¶ 1} Defendants-appellants, Tejbir Singh and Balwinder Singh, appeal their convictions in the Butler County Area II Court for assault. We affirm appellants' convictions.
 {¶ 2} In October 2001, appellants were involved in an altercation at a Sikh temple in West Chester, Ohio. During the altercation, appellants allegedly punched Pyara Bhatti. In November 2001, appellants were each charged with first-degree misdemeanor assault in violation of R.C. 2903.13(A).
 {¶ 3} In October 2002, appellants were tried together in a bench trial before the Butler County Area II Court. The court found both appellants guilty. Appellants now appeal, each assigning the following error:
 {¶ 4} "The court erred in denying appellant's right to a jury trial after appellant had demanded a jury trial."
 {¶ 5} In their identical assignments of error, appellants argue that the area court denied them their right to a jury trial. Appellants assert that they both filed written demands for a jury trial in accordance with Crim.R. 23.
 {¶ 6} Under the Sixth Amendment to the United States Constitution and Section 5, Article I of the Ohio Constitution, trial by jury in a criminal case is guaranteed. City of Mentorv. Giordano (1967), 9 Ohio St.2d 140, 143. However, with respect to misdemeanors, that guarantee is not an absolute and unrestricted right. State v. Tate (1979), 59 Ohio St.2d 50, 52. With respect to misdemeanors, a statute, ordinance, or authorized rule of court may validly condition the right to a jury trial on a written demand therefor. Giordano, at paragraph one of the syllabus.
 {¶ 7} Crim.R. 23(A) states in relevant part as follows:
 {¶ 8} "In petty offense cases, where there is a right to a jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."
 {¶ 9} The misdemeanor assault charges in this case constituted "petty offenses." Crim.R. 2(C) and (D); City ofSouth Euclid v. Musheyev, Cuyahoga App. No. 83408, 2004-Ohio-3118, at ¶ 7; R.C. 2929.21(B).
 {¶ 10} On September 9, 2002, appellants filed identical motions for a continuance. The motions included a list of potential reasons that appellants were seeking a continuance. Appellants checked the option, "For Pre-Trial." Appellants also checked the option, "Other," and specified, "jury trial." Appellants assert that those motions for a continuance with the specification, "jury trial," should be construed as a written demand for a jury trial under Crim.R. 23(A).
 {¶ 11} We disagree with appellant's argument. The documents filed by appellants on September 9, 2002 were motions for a continuance. Though the motions included the words "jury trial" as a reason for their filing, the motions could not reasonably be construed as written demands for a jury trial under Crim.R. 23(A). Accordingly, because appellants did not file written demands for a jury trial in accordance with Crim.R. 23(A), they waived their right to a jury trial. Crim.R. 23(A).
 {¶ 12} Appellants cite State v. Staton (Dec. 22, 1997), Butler App. No. CA97-08-0156, in support of their position. However, Staton is inapplicable to this case. Unlike appellants in this case, the defendant in Staton indisputably filed a written jury demand The trial court later held a bench trial without ensuring that a written jury waiver signed by the defendant was made a part of the record. This court reversed the defendant's conviction. In this case, appellants never properly filed a written jury demand and therefore waived their right to a jury trial under Crim.R. 23(A).
 {¶ 13} Accordingly, we overrule appellants' assignment of error and affirm their convictions in the area court. The area court did not err in conducting a bench trial. Appellants never filed a written jury demand in accordance with Crim.R. 23(A).
Judgment affirmed.
Young, P.J., and Valen, J., concur.