DECISION AND JUDGMENT ENTRY
{¶ 1} Jamey Kohli appeals the July 5, 2003 judgment of the Lucas County Court of Common Pleas denying her motion to suppress. Because we find that the trial court did not err in denying Kohli's motion to suppress and that her no contest plea was entered voluntarily, we affirm.
 Facts {¶ 2} Jamey Kohli was indicted November 6, 2002 for violating R.C. 2909.05(A), vandalism, a fifth degree felony. The charge arose out of an incident on August 26, 2002 when Kohli, among others, allegedly caused $885.32 worth of damage to an apartment at 3104 Franklin in Toledo, Ohio.
 {¶ 3} Kohli filed a motion to suppress, and a hearing was held on that motion on March 27, 2003. Detective Victoria Woodard testified that a phone call from the apartment building owner stated that an "extensive amount of damage" was done to one of her apartments where Kohli lived. Woodard phoned Kohli and asked her to come to the Scott Park District Station for an interview. Kohli agreed and arrived about ninety minutes later.
 {¶ 4} The detective explained that she merely wanted to have a conversation, and that Kohli was not under arrest or a suspect and was free to leave any time. Soon after the interview began, when discussing the particular apartment with the detective, Kohli said that she entered the apartment through the window, which the detective did not previously know. At some point, Woodard determined that Kohli was a suspect in the vandalism. With another detective present, Woodard read Kohli each of herMiranda rights. Kohli signed a waiver. After signing, Kohli admitted to the vandalism and stated she "was willing to go clean up the mess." Kohli never asked to speak with a lawyer.
 {¶ 5} Ultimately, on May 16, 2003, Kohli decided to enter a no contest plea to a lesser offense, attempted vandalism, a misdemeanor of the first degree. At the plea hearing, the trial court complied with Crim.R. 11 requirements, and Kohli signed her plea of no contest, upon which she was found guilty. She was later sentenced to 120 days of local incarceration with 117 days suspended and was placed on community control for two years. She appeals.
 Assignments of Error
I. "The trial court erred in denying defendant's motion to suppress."
II. "Defendant's plea was not voluntary."
 Kohli's First Assignment of Error {¶ 6} In the first assignment of error, Kohli argues that her motion to suppress should be granted because she did not properly waive her Miranda rights. On the contrary, we find the trial court did not err in denying the motion to suppress.
 {¶ 7} A motion to suppress presents a mixed question of law and fact for an appellate court because a trial court as trier of fact is best able to resolve factual questions and evaluate the credibility of witnesses. We accept the trial court's findings of fact if they are supported by competent, credible evidence. Then, without deference to the trial court's conclusion, we independently determine whether the facts satisfy the applicable legal standard. State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, at ¶ 8. See, also, State v. Malone, 6th Dist No. E-03-060, 2004-Ohio-3794, at ¶ 10; State v. Sparkman, 6th Dist. No. H-03-017, 2004-Ohio-1338, at ¶ 4.
 {¶ 8} Kohli argues that after she was informed of herMiranda rights, she did not voluntarily sign the waiver. At her suppression hearing, Kohli contended she did not understand what she was signing. She said she thought she "signed a statement stating that I wasn't — that I wasn't under any influences or drinking or anything like that." She stated that Woodward told her that if she did not admit to the charges, she would be thrown in jail and her children would be taken away. Detective Woodard denied the threat. Kohli admitted during cross-examination that Woodard "didn't make me sign anything, I willingly signed it."
 {¶ 9} The trial court orally denied Kohli's motion to suppress, relying on the state's exhibit of the waiver of rights. In its July 3, 2003 written entry, the court explained further that Kohli's "claim that she didn't really understand the rights waiver, in the Court's view was and still remains disingenuous."
 {¶ 10} The United States Supreme Court in Miranda v.Arizona (1966), 384 U.S. 436, ruled that defendants have certain rights when they are subject to custodial interrogation. It has also held, however, that "a suspect who has once responded to unwarned yet uncoercive questioning is not thereby disabled from waiving his rights and confessing after he has been given the requisite Miranda warnings." Oregon v. Elstad (1985),470 U.S. 298, 318. In such circumstances, a suspect's second "Mirandized" statement will be admitted into evidence if the suspect's waiver is deemed voluntary. The so-called "voluntariness test" requires an examination of the totality of the circumstances surrounding each confession. Oregon v.Bradshaw (1983), 462 U.S. 1039, 1045-1046.
 {¶ 11} "In deciding whether the defendant's confession in this case was involuntarily induced, the court should consider the totality of the circumstances, including the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement." State v. Edwards (1976),49 Ohio St.2d 31,40-41. (Emphasis in original.) "A suspect's decision to waive his Fifth Amendment privilege is made voluntarily absent evidence that his will was overborne and his capacity for self-determination was critically impaired because of coercive police conduct." State v. Dailey (1990), 53 Ohio St.3d 88, 91. Furthermore, at a suppression hearing, the weight of the evidence and credibility of witnesses are determined by the trier of fact.State v. Fanning (1982), 1 Ohio St.3d 19, 20.
 {¶ 12} As the trial court was in the best position to determine the credibility of Detective Woodard and Jamey Kohli, we must defer to its findings, as they are supported by evidence in the record. Kohli's first assignment of error is found not well-taken.
 Kohli's Second Assignment of Error {¶ 13} In her second assignment of error Kohli argues that her no contest plea was not voluntary because she felt pressured by Detective Woodard to admit to the charges during her interview. This factor, however, does not affect whether a no contest plea was entered voluntarily.
 {¶ 14} In felony cases, to be constitutionally valid, a plea of no contest must be entered knowingly, intelligently, and voluntarily. State v. Geller (Apr. 7, 2000), 6th Dist. No. OT-99-070, citing State v. Kelly (1991), 57 Ohio St.3d 127. The trial court "must substantially comply with the dictates of Crim.R. 11(C). State v. Nero (1990), 56 Ohio St.3d 106, 108, citing State v. Stewart (1977), 51 Ohio St.2d 86. `Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.' Id." State v. Richardson (Aug. 10, 2001), 6th Dist. No. L-00-1195.
 {¶ 15} In misdemeanor cases where the potential sentence is six months or less, the trial court need not personally address the defendant to determine whether the nature of the charge is understood or whether the plea is being made voluntarily. Statev. Hopkins, 2d Dist. No. 2002 CA 108, 2003-Ohio-5963, at ¶ 16. See also, State v. Henry, 5th Dist. No. 03 COA 024, 2003-Ohio-6048, at ¶ 25. Yet, "[i]n all cases, the judge must inform the defendant of the effect of his plea." State v.Watkins, 99 Ohio St.3d 12, 2003-Ohio-2419, at ¶ 26. See also,State v. Smith, 3d Dist. No. 16-03-17, 2004-Ohio-1953, at ¶ 8.
 {¶ 16} We measure the record against Crim.R. 11(E), which states, "[i]n misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty."[1]
 {¶ 17} The record shows that Kohli was informed of the effect of her plea and continued by questioning whether it was voluntary:
Court: "Have any promises or threats been made to you in order to secure your plea to this charge?"
Kohli: "No."
"* * *"
Court: "Is there anything, Ms. Kohli, weighing on your mind here today that is having any kind of negative impact on your ability to think or reason or understand these proceedings?"
Kohli: "No."
Court: "Your mind is clear?"
Kohli: "Yes."
Court: "You understand what's happening?"
Kohli: "Yes."
Court: "You don't feel unduly pressured in any way do you?"
Kohli: "No."
Court: "Do you feel rushed in any way?"
Kohli: "No."
Court: "You need more time to speak with Ms. Khoury?"
Kohli: "No."
 {¶ 18} After reviewing the record, we find the trial court exceeded the technical requirements of Crim.R. 11(E) when it accepted Kohli's no contest plea. Kohli's second assignment of error is found not well-taken.
 {¶ 19} The judgment of the Lucas County Court of Common Pleas is affirmed. Kohli is ordered to pay the court costs of this appeal specified under App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Judith Ann Lanzinger, J., Singer, J., Concur.
[1] A "petty offense" is defined by Crim.R.2(D) as "a misdemeanor other than a serious offense." A "serious offense" is defined by Crim.R. 2(C) as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Attempted vandalism is a first degree misdemeanor. R.C. 2909.05(A) and R.C. 2923.02. First degree misdemeanors have a sentence of "not more than six months." R.C.2929.21(B)(1). Therefore, attempted vandalism is a petty offense. Accord, State v. Singh, 12th Dist. Nos. CA2003-02-055, CA2003-02-056, 2004-Ohio-3995, at ¶ 9; State v. Armbruster, 3d Dist. No. 9-03-15, 2004-Ohio-289, at ¶ 8; Cleveland Heights v.Jackson, 8th Dist. No. 82958, 2003-Ohio-6486, at ¶ 4; State v.Wornstaff, 5th Dist. No. 02CA F 07 035, 2003-Ohio-2035, at ¶ 28-35.