**[Cite as *State v. Howard*, 2018-Ohio-5160.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27941 |
| | : | |
| v. | : | Trial Court Case No. 2017-CRB-6159 |
| | : | |
| JONATHAN HOWARD | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of December, 2018.

. . . . . . . . . . .

TROY B. DANIELS, Atty. Reg. No. 0084957, Assistant City Prosecutor, 335 W. Third Street, Room 372, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

JENNIFER E. MARIETTA, Atty. Reg. No. 0089642, 74 N. Orange Street, Suite 105, Xenia Ohio 45385
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Jonathan Howard pled guilty in Dayton Municipal Court to violating a protection order, in violation of R.C. 2919.27(A)(1), a first-degree misdemeanor. Howard appeals from his conviction, claiming that (1) his right to due process was violated when the trial court denied him a jury trial, (2) his plea was not made knowingly, intelligently, and voluntarily, and (3) he received ineffective assistance of counsel. For the following reasons, the trial court's judgment will be affirmed.

### I. Factual and Procedural History

{¶ 2} On August 29, 2017, Howard's wife obtained an ex parte protection order against Howard from the Montgomery County Court of Common Pleas, Domestic Relations Division. Howard was served with that order on September 7, 2017. Howard subsequently left two voicemails on his wife's work phone. On September 22, 2017, Howard was charged with one count of violating the protection order. He pled not guilty to the charge.

{¶ 3} The case was continued several times at Howard's request, and Howard filed various pretrial motions, including several motions for continuances, which were generally granted, and a motion for a change of venue, which was denied. In October 2017, Howard's counsel sought leave to withdraw; the motion was granted on November 2, 2017, and new counsel was appointed the next day. Ultimately, the trial court set a trial date of January 23, 2018. Howard's counsel sought to continue the January 23 trial date due to a scheduling conflict, but that motion was denied. Howard was out of custody throughout the proceedings.

{¶ 4} At the hearing on January 23, 2018, defense counsel notified the court that

the State had offered, and Howard would be accepting, a plea offer to violating the protection order in this case. In exchange for a guilty plea, the State would dismiss all charges in another case (17-CRB-7891), which alleged five additional violations of the protection order, and the State would recommended five years of non-reporting probation; a term of that probation would be that Howard would have no contact with his wife.

{¶ 5} When the court addressed Howard about the change of his plea, Howard initially expressed that he had asked for a jury trial and that he did not feel that he had a "good * * * chance" with the judge. Howard stated that he was "here for calling her [his wife] because she hacked my emails." When asked again how he wished to plead, Howard stated, "I ain't go[t] no choice. And I would like to appeal it. * * * The way you all around me and got me I guess I'm going to go with guilty. * * * I mean, not without reasonable of doubt [sic]." The trial court informed Howard that a plea of guilty means that Howard would be saying that he committed the offense. Howard responded, "That's what I'm saying. I didn't do it * * *." At this juncture, the trial court said, "Let's have a trial" and asked Howard to have a seat in the back of the courtroom while the court addressed other matters.

{¶ 6} Sometime later that day, the trial court re-called Howard's case. Defense counsel told the court that she had spoken with her client and that he wanted to accept the State's plea offer. Howard confirmed that he wished to plead guilty to violating the protection order. Defense counsel then made the following record:

> THE DEFENSE: And your honor, can I please just make sure the record
> is clear in regard to Mister Howard. I informed him that he did need to file
> a motion ten days prior to the trial for a jury trial. I also explained to him

the deadline of receiving discovery in this case, Your Honor. All that he started to, when did you start sending me the discovery? It was after the deadline, Your Honor, so, I could not use the discovery in the case.

THE DEFENDANT: I sent it –

THE DEFENSE: In addition, in addition in terms of the, of the jury trial he told me –

THE DEFENDANT: When I sent it to Mister King [prior counsel] --

THE DEFENSE: Saturday. Mister King is no longer your attorney.

THE DEFENDANT: But I'm saying, when I sent it to him he told me that's now how it goes.

THE DEFENSE: Okay. In addition, Friday we learned that, last Friday he learned that his continuance had been denied. He did not explain to me or inform me that he wanted a jury trial until Saturday. So, I told him I would inform the court about his concern, his issue. I did and I informed him that he had passed the deadline for the jury trial, the filing of the jury trial.

{¶ 7} The court then turned to the prosecutor. The prosecutor told the trial court that he wanted to ensure that Howard understood that a plea was voluntary. The State indicated that it was ready to proceed to trial that day and that Howard was under no obligation to enter a plea. When asked if Howard understood that, Howard responded that he was "ready to go home."[1] The court asked Howard again if he understood that he was pleading voluntarily and was not being pressured to enter a plea; Howard responded affirmatively. Howard held out his hand to sign a plea form; the court told

---

[1] The record reflects that Howard resided in Akron, Ohio.

Howard that he had already signed it.

{¶ 8} The prosecutor read a statement of the facts underlying the offense. Howard indicated that he understood the factual basis for the plea and stated that "I just want to go home." The court informed Howard of the maximum penalty for the offense and of the constitutional rights he was waiving by entering a plea. Howard expressed his understanding and acknowledged that he was giving up those rights by entering a plea. Howard denied that any threats or promises had been made to induce his guilty plea. The court accepted Howard's plea after it found that Howard had entered his plea knowingly, intelligently, and voluntarily.

{¶ 9} After hearing statements from Howard's wife, defense counsel, the prosecutor, and Howard, the trial court sentenced Howard to 180 days in jail, all of which were suspended. The court placed Howard on up to five years of community control, with conditions that he have no contact with his wife and comply with the protection order. The court also imposed a $200 fine, which was suspended, and court costs. The trial court reviewed the terms of the protection order to ensure Howard's understanding of those requirements.

{¶ 10} On March 5, 2018, more than 30 days after Howard's conviction, Howard filed a notice of appeal from his conviction. We have permitted Howard to pursue a delayed appeal. Howard now raises three assignments of error.

## II. Denial of Due Process

{¶ 11} Howard's first assignment of error states: "Defendant was denied due process of law when the Trial Court refused to allow him a Jury Trial when Defendant requested one." Howard asserts that he timely informed his trial counsel that he wanted

a jury trial.

{¶ 12} Howard has waived this claim by pleading guilty to the charged offense. A plea of guilty is a complete admission of guilt. *E.g., State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 9; *State v. Wheeler*, 2d Dist. Montgomery No. 24112, 2011-Ohio-3423, ¶ 3; Crim.R. 11(B)(1). Consequently, a guilty plea generally waives all appealable errors that may have occurred in the trial court, unless such errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea. *See, e.g., State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus; *Wheeler* at ¶ 3. By entering a guilty plea, Howard waived his right to a trial, by jury or otherwise.

{¶ 13} Regardless, we find nothing in the record to support a claim that the trial court denied Howard's right to a jury trial. Under the Local Rules of the Dayton Municipal Court, a defendant must file a written demand for a jury trial, pursuant to Crim.R. 23. *See* Loc.R. 4.1(C) of the Dayton Municipal Court. Crim.R. 23 states:

> * * * In petty offense cases, where there is a right of jury trial, the defendant
> shall be tried by the court unless he demands a jury trial. Such demand
> must be in writing and filed with the clerk of court not less than ten days
> prior to the date set for trial, or on or before the third day following receipt
> of notice of the date set for trial, whichever is later. Failure to demand a
> jury trial as provided in this subdivision is a complete waiver of the right
> thereto.

{¶ 14} At the plea hearing, Howard told the court that he wanted a jury trial, and Howard's attorney told the court that Howard had originally told her that he wanted a jury

trial, but changed his mind and decided on a bench trial. Counsel indicated that Howard did not make her aware of his renewed desire for a jury trial until the Saturday before the scheduled trial date (plea hearing date), which was after the deadline for requesting a jury trial had passed. No written demand for a jury was filed. Accordingly, even if Howard had not entered a guilty plea, Howard waived his right to a jury trial by failing to timely request one in writing pursuant to Crim.R. 23. The trial court did not err in failing to schedule a jury trial.

{¶ 15} Howard's first assignment of error is overruled.

### III. Plea Hearing

{¶ 16} In his second assignment of error, Howard claims that he did not knowingly, intelligently, and voluntarily enter his guilty plea. Howard asserts that the trial court should have rejected his proffered guilty plea and held a trial.

{¶ 17} Crim.R. 11 sets forth distinct procedures for the trial court to follow in accepting a plea, with the procedures varying based on whether the offense involved is a misdemeanor that is a petty offense, a misdemeanor that is a serious offense, or a felony. *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 11; *State v. Hall*, 2d Dist. Greene No. 2011 CA 32, 2012-Ohio-2539, ¶ 18. A "serious offense" means "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). A "petty offense" is "a misdemeanor other than a serious offense." Crim.R. 2(D).

{¶ 18} Howard pled guilty to violating a protection order, in violation of R.C. 2919.27(A)(1), a first-degree misdemeanor. The maximum penalty for a first-degree misdemeanor is 180 days. Accordingly, Howard's offense constituted a "petty offense"

under Crim.R. 11.

{¶ 19} For a "petty offense" misdemeanor, the trial court was required only to inform Howard of the effect of his guilty plea. *Jones* at ¶ 14; Crim.R. 11(E). The supreme court has held that, to satisfy the requirement of informing a defendant of "the effect of the plea" before accepting a guilty plea to a petty misdemeanor, the court is required to inform the defendant that the plea is a complete admission of guilt. *Jones* at ¶ 25. Unlike the provisions applicable to more serious offenses, Crim. R. 11(E) does not require the trial court to personally address the defendant and determine that the defendant understands the nature of the charge and is entering the plea voluntarily. *State v. Wright*, 2d Dist. Montgomery 26471, 2015-Ohio-3919, ¶ 17, citing *State v. Hopkins*, 2d Dist. Greene No. 2002-CA-108, 2003-Ohio-5963, ¶ 16.

{¶ 20} Furthermore, when non-constitutional rights are at issue, a defendant who challenges his or her guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. Prejudice in this context means that the plea would otherwise not have been entered. *Id.* at ¶ 15.

{¶ 21} At the beginning of the plea hearing, Howard's counsel informed the court that Howard was going to accept a plea offer from the State. In the court's subsequent questioning of Howard about how he wanted to plead, Howard stated that he was "going to go with guilty," but he expressed that he felt "railroad[ed]," that he could not get a fair trial, that he had wanted a jury trial, that he had called his wife because she had hacked his emails, and that he "didn't do it." In response to these statements, the trial court, appropriately, indicated that the matter would proceed to trial.

{¶ 22} When the matter resumed sometime later, defense counsel had spoken with Howard further about the case, and counsel again informed the court that Howard wanted to accept the State's plea offer. During the court's subsequent exchange with Howard, Howard confirmed that he wished to plead guilty to violating the protection order. Howard further acknowledged his understanding of the maximum penalty that he faced and the constitutional rights that he was waiving, and he indicated that he had not been threatened or promised anything to induce his plea. Howard indicated his intent to the sign the plea form, and the court informed him that it had already been signed by him.

{¶ 23} Howard notes on appeal that he repeatedly told the court during the plea hearing that he was ready to go home and wanted to go home. While Howard's desire to return home may have been a motivating factor in his decision to enter a guilty plea in this case, it does not require a conclusion that Howard's plea was, consequently, involuntary. After discussion with his counsel and the court, Howard was aware of the possible maximum penalties he faced, of his rights, of the factual circumstances underlying the charge, of the strength of his defense to the charge, and that his guilty plea constituted a complete admission of guilt. Howard denied that his plea was the result of threats or promises, and the State indicated its willingness to proceed to trial.

{¶ 24} The trial court complied with Crim.R. 11, and we find no basis to conclude that Howard's plea was not knowingly, intelligently, and voluntarily made. Howard's second assignment of error is overruled.

### IV. Ineffective Assistance of Counsel

{¶ 25} In his third assignment of error, Howard claims that he received ineffective assistance of counsel.

{¶ 26} A guilty plea waives the right to claim ineffective assistance of counsel, except to the extent that the errors caused the plea to be less than knowing, intelligent, and voluntary. *E.g., State v. Frazier*, 2016-Ohio-727, 60 N.E.3d 633, ¶ 81 (2d Dist.). If a defendant pleads guilty on the advice of counsel, he must demonstrate that the advice was not "within the range of competence demanded of attorneys in criminal cases." *Id.,* quoting *Tollett v. Henderson*, 411 U.S. 258, 266, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Furthermore, "[o]nly if there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty but would have insisted on going to trial will the judgment be reversed." *State v. Huddleson*, 2d Dist. Montgomery No. 20653, 2005-Ohio-4029, ¶ 9, citing *Hill v. Lockhart*, 474 U.S. 52, 52-53, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). (Other citations omitted.)

{¶ 27} Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defendant is entitled to "reasonable competence" from his or her attorney, not "perfect advocacy." *See Maryland v. Kulbicki*, 136 S.Ct. 2, 5 (2015), citing *Yarborough v. Gentry*, 540 U.S. 1, 8, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam). Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. *State v. Cook*, 65 Ohio St.3d 516, 524-525, 605 N.E.2d 70 (1992); *State v. Fields*, 2017-Ohio-400, 84 N.E.3d 193, ¶ 38 (2d Dist.).

{¶ 28} "A claim of ineffective assistance of counsel cannot be asserted on direct appeal if it relies on matters outside the record." *State v. Harris*, 2d Dist. Montgomery

No. 27179, 2017-Ohio-9052, ¶ 19.

{¶ 29} Howard claims that his second attorney (i.e., his attorney at the time of the plea) acted deficiently by failing to obtain discovery from prior counsel, by failing to timely request a jury trial, and by presenting Howard in a negative light at the plea hearing. Howard asserts that his attorney's conduct precluded him from making a knowing, intelligent and voluntary plea. We will assume, for sake of argument, that Howard's guilty plea did not result in a waiver of his ineffective assistance of counsel claim.

{¶ 30} First, we find no basis to conclude that counsel acted deficiently in representing Howard at the January 23, 2018 hearing. Howard claims that counsel presented him in a "negative light" by telling him to be quiet and by informing the trial court that Howard did not timely informed his attorney that he wanted a jury trial and did not timely provide discovery to his attorney. Upon review of the transcript, counsel's admonishments to Howard to be quiet were not inappropriate; counsel attempted to quiet Howard when his interjections were not pertinent to the discussion that was occurring or were unhelpful to Howard's case. In addition, counsel's statements to the court regarding the untimeliness of Howard's communication of his desire for a jury trial and of his untimely provision of discovery materials were in response to Howard's prior statement at the hearing that he had wanted a jury trial. Counsel explained why a jury a trial had not been requested and that certain evidentiary materials could not be used a trial.

{¶ 31} Second, the record does not support Howard's claim that his counsel was ineffective for failing to request a jury trial. Counsel's statements at the plea hearing reflect that Howard "did ask for a jury trial, then he changed and said he wanted a trial in

front of [the court]." Counsel later stated that she was not told by Howard that he wanted a jury trial until a few days before the plea hearing (i.e., the scheduled trial date), after the deadline to request a jury trial had passed. Counsel further stated that she had previously informed Howard of the deadline for requesting a jury trial. Because Howard did not tell his attorney of his renewed interest in a jury trial prior to the deadline for requesting one, counsel did not act deficiently in failing to request one in a timely manner. Additionally, although Howard indicated at the plea hearing that he had wanted a jury trial, the record does not indicate whether Howard would have rejected the State's plea offer had a jury trial been requested in a timely fashion.

{¶ 32} Finally, Howard claims that his attorney failed to obtain his discovery materials from his prior attorney. During the first portion of the plea hearing, Howard's counsel stated that she informed Howard that the discovery deadline was January 2, 2018, and that Howard "started sending me discovery after that date and he is well aware of this." When the hearing resumed, counsel repeated that Howard had sent her discovery after the deadline and that she "could not use the discovery in the case." Howard interjected that he had "sent it" (presumably discovery materials) to his original trial attorney; Howard's original counsel had withdrawn on November 2, 2017. It is not clear when Howard provided those materials to his prior attorney or that Howard's counsel at the plea hearing knew that any materials had been sent to prior counsel.

{¶ 33} The record does not reflect what discovery materials Howard had or their relevance to the charges against him in this case or in Case No. 17-CRB-7891, which was dismissed as part of the plea. Moreover, the record does not indicate whether Howard's (second) counsel received discovery materials from Howard's original counsel.

In short, based on the record, Howard has not demonstrated that his (second) attorney acted deficiently with respect to discovery, or that the outcome of his case would have been different.

{¶ 34} Howard's third assignment of error is overruled.

### V. Conclusion

{¶ 35} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Troy B. Daniels
Jennifer E. Marietta
Hon. Carl S. Henderson