[Cite as *State v. White*, 2019-Ohio-3130.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28215 |
| | : | |
| v. | : | Trial Court Case No. 2018-CRB-5564 |
| | : | |
| AMBER R. WHITE | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of August, 2019.

. . . . . . . . . . .

TROY B. DANIELS, Atty. Reg. No. 0084957 and LARHONDA L. CARSON, Atty. Reg. No. 0080273, Assistant Prosecuting Attorneys, City of Dayton Prosecutor's Office, 335 West Third Street, Room 372, Dayton, Ohio 45402
    Attorneys for Plaintiff-Appellee

CARL BRYAN, Atty. Reg. No. 0086838, 120 West Second Street, Suite 603, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Amber White appeals from her October 18, 2018 judgment entry of conviction, following a plea of guilty to unlawful restraint. She was sentenced to 60 days in jail, with 60 days suspended, and the court imposed a term of basic supervision for one year. The court ordered White to complete a psychological assessment and any recommended treatment and ordered her trespassed from Grandview Hospital. The court imposed a fine of $200 and suspended $175, leaving a fine of $25, plus court costs. We hereby affirm the judgment of the trial court.

{¶ 2} White was charged by way of complaint on September 4, 2018, with assault, in violation of R.C. 2903.13(A), a misdemeanor of the first degree. The complaint alleged that White committed the offense on September 3, 2018, by striking and kicking Simon Finley. Finley subsequently obtained a temporary criminal protection order ("CPO") against White, but Finley did not appear at White's September 7, 2018 arraignment and hearing on the CPO, at a September 25, 2018 pretrial, or at the trial/plea hearing scheduled for October 16, 2018. Pursuant to a plea agreement, White pled guilty to the amended charge of unlawful restraint on October 16, 2018.

{¶ 3} At the plea hearing, the prosecutor advised the court that the State was willing to amend the charge to unlawful restraint, a misdemeanor of the third degree, and White pled guilty to that charge. The court advised White that a plea of guilty was a complete admission of guilt. White indicated that no threats or promises were made to induce her plea. The State then recited the following facts: "The incident happened at Grandview Hospital at 405 West Grand Avenue * * *. Miss White was in the hospital with a family member. She came into contact with a gentleman by the name of Simon Finley and at one point struck him in the face and then followed him out and continued to strike

him resulting in the charges." White acknowledged her understanding of the facts as recited and the possible maximum penalty of 60 days of incarceration and possible maximum fine of $500. The court advised White that she had the right to have her case tried by a judge or jury and to question the witnesses that would testify against her, the right to present evidence on her own behalf and to subpoena witnesses to appear in court, that she did not have to testify on her behalf, and that the State could not force her to do so. Finally, the court informed White that the State would be required to prove each and every element of the offense of unlawful restraint beyond a reasonable doubt.

{¶ 4} White acknowledged her understanding to the court and entered her plea. The court accepted her plea and found that it was made voluntarily, knowingly, and intelligently.

{¶ 5} Counsel for White then advised the court that the complaining witness and White used to be friends. He further explained:

* * * Earlier in the year [Finley] drove her vehicle while drunk and totaled it and he plead out to that OVI because that vehicle was totaled and she didn't have transportation any more. She lost her job. She lost her housing. She was at the hospital because her son just attempted to commit suicide. She saw the complaining witness and it caught her off guard and this incident happened. She shouldn't have – her behavior was unacceptable and that's why she is pleading guilty today but there were things that went along with that. She is getting counseling right now. We have a letter from her therapist so she is doing that. She does work as an STNA. That's why we worked out the unlawful restraint offer so she would not lose

her job.

**{¶ 6}** The trial court found White guilty and imposed sentence as described above. The trial court granted a stay of execution of White's sentence on December 5, 2018.

**{¶ 7}** In her brief, White argues that defense counsel was ineffective for not requesting the case be dismissed when the State failed three times to produce its complaining witness, and White was "thereby prejudiced in so far as she nevertheless pleaded guilty on advice of counsel."[1]   She asserts that the trial court would have acted within its discretion to dismiss the case had her counsel made such a request.   According to White, "[b]ecause defense counsel failed to make what would have been a reasonable request for a dismissal [she] felt compelled, against her better judgment, to enter a plea."

**{¶ 8}** The State responds that White waived this issue for appeal when she entered her guilty plea, and even if it was not waived, the argument is without merit.   We agree with the State.

**{¶ 9}**   "A plea of guilty is a complete admission of guilt."   *State v. Howard*, 2d Dist. Montgomery No. 27941, 2018-Ohio-5160, ¶ 12.   As this Court further noted in *Howard*:

> A guilty plea waives the right to claim ineffective assistance of counsel, except to the extent that the errors caused the plea to be less than knowing, intelligent, and voluntary. *E.g., State v. Frazier*, 2016-Ohio-727, 60 N.E.3d 633, ¶ 81 (2d Dist.). If a defendant pleads guilty on the advice of counsel, he must demonstrate that the advice was not "within the range of competence demanded of attorneys in criminal cases." *Id.*, quoting *Tollett*

---

[1] It is clear Finley was not present at arraignment or a pretrial hearing.   However, at the trial/plea hearing, the prosecutor stated that she "may not" have a complaining witness.

*v. Henderson*, 411 U.S. 258, 266, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Furthermore, "[o]nly if there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty but would have insisted on going to trial will the judgment be reversed." *State v. Huddleson*, 2d Dist. Montgomery No. 20653, 2005-Ohio-4029, ¶ 9, citing *Hill v. Lockhart*, 474 U.S. 52, 52-53, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). (Other citations omitted.)

Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defendant is entitled to "reasonable competence" from his or her attorney, not "perfect advocacy." *See Maryland v. Kulbicki*, 136 S.Ct. 2, 5 (2015), citing *Yarborough v. Gentry*, 540 U.S. 1, 8, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam). Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. *State v. Cook*, 65 Ohio St.3d 516, 524-525, 605 N.E.2d 70 (1992); *State v. Fields*, 2017-Ohio-400, 84 N.E.3d 193, ¶ 38 (2d Dist.).

*Howard* at ¶ 26-27.

**{¶ 10}** White does not argue that counsel's errors caused her plea to be less than knowing, intelligent, and voluntary, and we conclude that her ineffective assistance of counsel argument regarding counsel's failure to seek a dismissal due to Finley's absence

from multiple proceedings is waived.

{¶ 11} Moreover, even if we interpret White's appeal as including a claim that her plea was not knowing, intelligent and voluntary, this claim would also fail.  As noted in *Howard*:

> Crim.R. 11 sets forth distinct procedures for the trial court to follow in accepting a plea, with the procedures varying based on whether the offense involved is a misdemeanor that is a petty offense, a misdemeanor that is a serious offense, or a felony. *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 11; *State v. Hall*, 2d Dist. Greene No. 2011 CA 32, 2012-Ohio-2539, ¶ 18. A "serious offense" means "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim. R. 2(C).  A "petty offense" is "a misdemeanor other than a serious offense." Crim.R. 2(D).

*Howard* at ¶ 17.

{¶ 12} Misdemeanors of the third degree are punishable by not more than 60 days in jail.  R.C. 2929.24(A)(3). For a "petty offense" misdemeanor, the trial court was required only to inform White of the effect of her guilty plea. *Howard* at ¶ 19, citing *Jones* at ¶ 14 and Crim.R. 11(E).  As further noted in *Howard*:

> * * * The supreme court has held that, to satisfy the requirement of informing a defendant of "the effect of the plea" before accepting a guilty plea to a petty misdemeanor, the court is required to inform the defendant that the plea is a complete admission of guilt. * * * Unlike the provisions applicable to more serious offenses, Crim.R. 11(E) does not require the trial

court to personally address the defendant and determine that the defendant understands the nature of the charge and is entering the plea voluntarily. *State v. Wright*, 2d Dist. Montgomery 26471, 2015-Ohio-3919, ¶ 17, citing *State v. Hopkins*, 2d Dist. Greene No. 2002-CA-108, 2003-Ohio-5963, ¶ 16.

*Id.* at ¶ 19.

**{¶ 13}** As the State asserts, at no time "did White claim innocence or in any way cast doubt on the trial court's conclusion that her plea was knowing, intelligent, and voluntary," and there is no indication in the record "that White's plea was coerced, compelled, or entered into against her better judgment. Rather, it was a calculated plea that, according to her attorney, allowed White to 'not lose her employment' as a STNA." Based upon the foregoing, we conclude that White's assigned error lacks merit, and it is accordingly overruled.

**{¶ 14}** The judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies sent to:

Troy B. Daniels
LaRhonda L. Carson
Carl Bryan
Hon. Carl Sims Henderson